## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EVERYTHING BASEBALL LIMITED, LLC, | ) | Case No. 08-CV-03840 |
| Plaintiff, | ) ) ) | Judge Elaine E. Bucklo |
| vs. | ) ) | Magistrate Judge Arlander Keys |
| WILSON SPORTING GOODS COMPANY, HUNT WILSON INTERNATIONAL LTD., SCHUTT SPORTS, INC., EASTON-BELL SPORTS, INC., HILLERICH & BRADSBY CO., AMPAC ENTERPRISES, INC., RAWLINGS SPORTING GOODS, INC., ADIDAS AG, REEBOK INTERNATIONAL LTD., RIDDELL SPORTS INC., DIAMOND SPORTS CO., INC., and NACONA ATHLETIC GOODS COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DIAMOND SPORTS CO., INC.'S ANSWER AND COUNTERCLAIMS FOR (1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT; (2) DECLARATORY JUDGMENT OF PATENT INVALIDITY; AND (3) DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY** |
| Defendants. | ) | |
| DIAMOND SPORTS CO., INC. | ) ) | |
| Counterclaimant, | ) ) ) | |
| vs. | ) ) | |
| EVERYTHING BASEBALL LIMITED, LLC, | ) ) | |
| Counterdefendant. | ) ) | |

Defendant Diamond Sports Co., Inc. (hereinafter "Diamond Sports") for its answer to the Complaint filed by Plaintiff Everything Baseball Limited, LLC provides the following admissions and denials of the factual allegations made in the Complaint, in numbered paragraphs corresponding to the numbered paragraphs in the Complaint as follows:

### The Parties, Jurisdiction and Venue

1.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 1, and therefore, Diamond Sports denies the allegations contained in paragraph 1.

2.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 2, and therefore, Diamond Sports denies the allegations contained in paragraph 2.

3.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 3, and therefore, Diamond Sports denies the allegations contained in paragraph 3.

4.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 4, and therefore, Diamond Sports denies the allegations contained in paragraph 4.

5.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 5, and therefore, Diamond Sports denies the allegations contained in paragraph 5.

6.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 6, and therefore, Diamond Sports denies the allegations contained in paragraph 6.

7.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 7, and therefore, Diamond Sports denies the allegations contained in paragraph 7.

8.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 8, and therefore, Diamond Sports denies the allegations contained in paragraph 8.

9.      Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 9, and therefore, Diamond Sports denies the allegations contained in paragraph 9.

10.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 10, and therefore, Diamond Sports denies the allegations contained in paragraph 10.

11.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 11, and therefore, Diamond Sports denies the allegations contained in paragraph 11.

12.    Diamond Sports admits it has its principle place of business at 11130 Warland Drive, Cypress, California, 90630-5032. Diamond Sports admits it sells sporting goods throughout the United States and within the judicial district. Diamond Sports denies the remaining allegations of Paragraph 12.

13.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 13, and therefore, Diamond Sports denies the allegations contained in paragraph 13.

14.    Diamond Sports, at the present time, does not dispute jurisdiction is proper.

15.    Diamond Sports, at the present time, does not dispute venue is proper.

16.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 16, and therefore, Diamond Sports denies the allegations contained in paragraph 16.

17.    Diamond Sport is without information sufficient to form a belief as to the allegations in Paragraph 17, and therefore, Diamond Sports denies the allegations contained in paragraph 17.

18.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 18, and therefore, Diamond Sports denies the allegations contained in paragraph 18.

19.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 19, and therefore, Diamond Sports denies the allegations contained in paragraph 19.

20.    Diamond Sports admits the application that resulted in U.S. Patent No. 6,161,226 was filed on September 15, 1999. Diamond Sports is without information sufficient

3

to form a belief as to the remaining allegations in Paragraph 20, and therefore, Diamond Sports denies the remaining allegations contained in paragraph 20.

      21.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 21, and therefore, Diamond Sports denies the allegations contained in paragraph 21.

      22.     Diamond Sports admits U.S. Patent 6,161,226 was issued December 19, 2000. Diamond Sports admits the USPTO records on www.uspto.gov reflect claimed inventors Gallucci and Serewicz assigned the '226 patent to Everything Baseball Limited, LLC. Diamond Sports denies the remaining allegations in Paragraph 22.

      23.     It is premature to determine the construction of the claims before the Markman claim construction hearing mandated by the United States Supreme Court, therefore, at this time, Diamond Sports denies the allegations contained in paragraph 23.

      24.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 24, and therefore, Diamond Sports denies the allegations contained in paragraph 24.

<b><u>Facts Alleged by Plaintiff to Give Rise to Alleged Patent Infringement</u></b>

      25.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 25, and therefore, Diamond Sports denies the allegations contained in paragraph 25.

      26.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 26, and therefore, Diamond Sports denies the allegations contained in paragraph 26.

      27.     Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 27, and therefore, Diamond Sports denies the allegations contained in paragraph 27.

28.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 28, and therefore, Diamond Sports denies the allegations contained in paragraph 28.

29.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 29, and therefore, Diamond Sports denies the allegations contained in paragraph 29.

30.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 30, and therefore, Diamond Sports denies the allegations contained in paragraph 30.

31.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 31, and therefore, Diamond Sports denies the allegations contained in paragraph 31.

32.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 32, and therefore, Diamond Sports denies the allegations contained in paragraph 32.

33.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 33, and therefore, Diamond Sports denies the allegations contained in paragraph 33.

34.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 34, and therefore, Diamond Sports denies the allegations contained in paragraph 34.

35.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 35, and therefore, Diamond Sports denies the allegations contained in paragraph 35.

36.    Diamond Sports denies the allegations of Paragraph 36.

37.    Diamond Sports is without information sufficient to form a belief as to the allegations in Paragraph 37, and therefore, Diamond Sports denies the allegations contained in paragraph 37.

## AFFIRMATIVE DEFENSES

1.    As a first affirmative defense, Diamond Sports alleges that the Complaint fails to state a claim for which relief may be granted.

2.    As a second affirmative defense, Diamond Sports alleges on information and belief that the '226 Patent is invalid as it fails to comply with the patent laws of the United States Code, 35 U.S.C. § 1 *et seq.*

3.    As a third affirmative defense, Diamond Sports alleges that its chest protectors do not infringe any of the claims of the '226 Patent.

4.    As a fourth affirmative defense, Diamond Sports alleges on information and belief that the '226 Patent is unenforceable.

5.    As a fifth affirmative defense, Diamond Sports alleges that Plaintiff is barred from recovery or relief pursuant to the doctrine of unclean hands.

6.    As a sixth affirmative defense, Diamond alleges that Plaintiff is barred from recovery or relief on the grounds that Plaintiff failed to mitigate its damages, if any.

7.    As a seventh affirmative defense, Diamond Sports alleges that Plaintiff is barred from recovery or relief on the grounds that Plaintiff has not suffered and will not suffer any damages as the a result of the conduct of Diamond Sports.

8.    As an eighth affirmative defense, that Plaintiff did not evaluate Diamond Sports' accused product in view of the claims of the '226 Patent and that such failure renders this action an exceptional case entitling Diamond Sports to an award of reasonable attorneys fees.

9.    As a ninth affirmative defense, Diamond Sports alleges that Plaintiff is barred from recovery or relief on the grounds of laches.

10. As a tenth affirmative defense, Diamond Sports alleges that Plaintiff is barred from recovery or relief on the grounds of equitable estoppel.

## PRAYER

Diamond Sports prays the Court:

1. that Plaintiff's request for injunctive relief be denied;

2. that Plaintiff takes nothing by way of its Complaint;

3. for an award against Plaintiff in the amount of Diamond Sports' costs including reasonable attorney's fees.

## COUNTERCLAIMS

Counterclaim Plaintiff Diamond Sports Co., Inc. (hereinafter sometimes referred to as "Counterclaim Plaintiff" or "Diamond Sports"), for its Counterclaims against Everything Baseball Limited, LLC (hereinafter referred to as "Counterclaim Defendant" or "Everything Baseball"), hereby alleges as follows:

## JURISDICTION

1. This civil action for declaratory judgment of patent non-infringement, patent unenforceability, and patent invalidity is brought pursuant to 28 U.S.C. § § 2201-2202 and the patent laws of the United States, 35 U.S.C. § § 1, *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § § 1331, 1332, 1338 and 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

3. Counterclaim Plaintiff Diamond Sports Co., Inc. is a dba of Diamond Baseball Company, Inc., a California corporation, with its principle place of business at 11130 Warland Drive, Cypress, California, 90630-5032.

4. Diamond Sports is informed and believes, and on that basis alleges, that Everything Baseball is an Illinois corporation with its principle place of business at 41 W. 035 S Saddlebrook Dr., St. Charles, Illinois 60175.

## COUNT TWO

### <u>DECLARATORY JUDGMENT OF NON-INFRINGEMENT,</u>
### <u>INVALIDITY AND UNENFORCEABILITY OF PATENT</u>

5.    Diamond Sports is a manufacturer of sporting equipment, focusing on baseball and softball equipment.

6.    Everything Baseball has filed suit against Diamond Sports alleging infringement of Everything Baseball's U.S. Patent No. 6,161,226 by a variety of Diamond Sport's chest protectors, including Jenny Topping Signature Series Chest Protector (DCP, JT); iX3 Series Chest Protectors (DCP- iX3 V1, DCP- iX3 V2, DCP- iX3 V3; DCP- iX3 FP) and Chest Protector Models (DCP-NL, DCP-32, DCP-FP, DCP-25, DCP-12, DCP-11, and DCP-10) (hereinafter "Accused Chest Protectors").  Diamond Sports has denied infringement.

7.    Diamond Sport and Everything Baseball have an actual case and controversy that is ripe for adjudication.  Diamond Sports seeks declaratory judgment of non-infringement of any claim of the Everything Baseball '226 Patent, that every claim of the '226 Patent is invalid for failure to comply with the provisions of the United States patent statutes, including but not limited to 35 U.S.C. § § 102, 103 and 112, and that the '226 Patent is unenforceable.

8.    Diamond Sports alleges that this is an exceptional case, and that Diamond Sports is entitled to recover from Everything Baseball Diamond Sports attorney's fees and expenses incurred in bringing this declaratory relief action.

### <u>PRAYER</u>

WHEREFORE, Diamond Sports requests that this Court enter a declaratory judgment in its favor, and against Everything Baseball:

1.    Declaring that Diamond Sports, Inc.'s Accused Chest Protectors do not infringe any claim of the '226 Patent,

2.    Declaring that the '226 Patent is invalid;

3.    Declaring that the '226 Patent is unenforceable;

4.    Awarding Diamond Sports its reasonable costs including attorney's fees incurred in bringing this declaratory relief action; and

5.    For such other and further relief as the Court determines as just and proper.

## DEMAND FOR JURY TRIAL

Diamond Sports requests trial by jury on all issues in this action.

DATED:  August 28, 2008

by  */s/ Susan B. Meyer*
Richard P. Sybert, *pro hac vice admission*
Susan B. Meyer, *pro hac vice admission*
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
tel: (619) 696-6700 fax: (619) 696-7124
rsybert@gordonrees.com
smeyer@gordonrees.com

- and-

Michael P. Tone (IL Bar No. 02843749)
GORDON & REES LLP
One North Franklin, Suite 1800
Chicago, IL 60606
tel: (312) 565-1400 fax: (312) 565-6511
mtone@gordonrees.com

Attorneys for Defendant/Counterclaimant
DIAMOND SPORTS CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**Plaintiff**

| | | |
|---|---|---|
| **Everything Baseball Limited, LLC** | Represented by | **Lee F. Grossman**<br>Niro, Scavone, Haller & Niro<br>181 West Madison Street , Suite 4500<br>Chicago, IL 60602<br>Tel: 312 - 236 – 0733<br>Fax: 312 – 621-9001<br>Email: lgrossman@nshn.com |
| | | **Mark M. Grossman**<br>Grossman Law Offices<br>29 S. LaSalle Street, Suite 1210<br>Chicago, IL 60603<br>Tel: (312) 621-9000<br>Fax: (312) 621-9001<br>Email:<br>mgrossman@grossmanlegal.com |

| | | |
|---|---|---|
| **Defendants**<br>**Wilson Sporting Goods  Co.**<br>**Hunt Wilson International Ltd.**<br>**Schutt Sports, Inc.**<br>**Easton-Bell Sports, Inc.**<br>**Hillerich & Bradsby Co.**<br>**Ampac Enterprises, Inc.**<br>**Rawlings Sporting Goods, Inc.**<br>**Riddell Sports Inc.** | Represented by | **H. Michael Hartmann**<br>**David M. Airan**<br>**Lawrence Scott Beall**<br>Leydig, Voit & Mayer, Ltd.<br>180 N. Stetson Ave. #4900<br>Chicago, IL 60601-6780<br>Tel: (312) 616-5600<br>Email: mhartmann@leydig.com<br>Email: dairan@leydig.com<br>Email: sbeall@leydig.com |

| **Defendant** | Represented by | **Susan Yohe** |
| **Adidas AG** | | Buchanan Ingersoll & Rooney P.C. |
| | | One Oxford Centre, 20th Floor |
| **\*\*Please Note this attorney** | | 301 Grant Street |
| **will be sent a copy of this** | | Pittsburgh, PA 15219 |
| **document via U.S. mail and by** | | Tel: 412-562-8485 |
| **email until appearance has** | | Fax: 412-562-1041 |
| **been granted.** | | Susan.yohe@bipc.com |

        I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on August 28, 2008, at San Diego, California.


                              */s/ Sharee L. Gill*_____
                              Employee of Gordon & Rees LLP