# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EVERYTHING BASEBALL LIMITED, LLC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:08-cv-03840 |
| WILSON SPORTING GOODS COMPANY, HUNT WILSON INTERNATIONAL LTD., SCHUTT SPORTS, INC., EASTON-BELL SPORTS, INC., HILLERICH & BRADSBY CO., AMPAC ENTERPRISES, INC., RAWLINGS SPORTING GOODS, INC., ADIDAS AG, REEBOK INTERNATIONAL LTD., RIDDELL SPORTS INC., DIAMOND SPORTS CO. INC., and NOCONA ATHLETIC GOODS COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Bucklo<br><br>Magistrate Judge Keys |
| Defendants. | ) ) | |
| HILLERICH & BRADSBY CO., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| EVERYTHING BASEBALL LIMITED, LLC., | ) ) ) ) | |
| Counterclaim Defendant. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND OF HILLERICH & BRADSBY CO. TO COMPLAINT OF EVERYTHING BASEBALL LIMITED, LLC

Defendant, Hillerich & Bradsby Co. ("H&B"), by their attorneys, hereby answers the Complaint by Everything Baseball Limited, LLC ("Everything Baseball"), and asserts the following affirmative defenses and counterclaims:

# THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Everything Baseball Limited, LLC ("Everything Baseball"), is an Illinois Corporation having its principle place of business at 41W. 035 Saddlebrook Drive, St. Charles, Illinois, 60175.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Defendant Wilson Sporting Goods Company ("Wilson'') has its corporate headquarters and principal place of business at 8750 W. Bryn Mawr Avenue. Chicago, Illinois, 60631. Wilson sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, covered by the patent-in-suit, [sic] within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendant Hunt Wilson International Ltd. ("Hunt"), an Illinois corporation, has its corporate headquarters and principal place of business at 3600 Jarvis Avenue, Skokie, Illinois, 60076-4018. Hunt sells sporting goods under brands such as "Champro" throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant Schutt Sports, Inc. ("Schutt"), an Illinois corporation, has its corporate headquarters and principle place of business at 610 Industrial Drive, Litchfield, Illinois, 62056-3040. Schutt sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant Easton-Bell Sports, Inc. ("Easton"), a California corporation, has its principle place of business at 7855 Haskell Ave. Suite 200, Van Nuys, California, 91406. Easton sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.  Defendant Hillerich & Bradsby Co. ("H&B") has its principle place of business at 800 W Main Street, Louisville, KY 40232. H&B sells sporting goods under brands including "Louisville Slugger" throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** Admitted that H&B has its principle place of business at 800 W Main Street, Louisville, KY 40232, and that is sells sporting goods throughout the United States under brands including "Louisville Slugger." H&B denies the remaining allegations of this paragraph.

7.  Defendant Ampac Enterprises, Inc. ("Ampac") has its principle place of business at 1 Main Street, Shirley, MA 01464. Ampac sells sporting goods under brands such as "All-Star Sports Equipment" throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.  Defendant Rawlings Sporting Goods, Inc. ("Rawlings") has its principle place of business at 510 Maryville University Drive, Suite 110, St. Louis, Missouri, 63141. Rawlings sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.  Defendant Adidas AG ("Adidas") has its principle place of business at Adi-Dassler-Strasse 1 91074 Herzogenaurach, Germany. Adidas sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.  Defendant Reebok International Ltd. ("Reebok"), a subsidiary of Adidas, has its principle place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts, 02021.

Reebok sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendant Riddell Sports Inc. ("Riddell") has its principle place of business at 900 Third Avenue, New York, New York 10022. Riddell sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Defendant Diamond Sports Co. Inc. ("Diamond") has its principle place of business at 11130 Warland Drive, Cypress, California, 90630-5032. Diamond sells sporting goods throughout the United States, including baseball chest protectors covered by the patent-in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendant Nocona Athletic Goods Company ("Nocona") has its principle place of business at 901 East Highway 82, Nocona, Texas, 76255. Nocona sells sporting goods throughout the United States, including baseball chest protectors covered by the patent -in-suit, within this judicial district.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, and 1338.

**ANSWER:** H&B admits that this Court may exercise subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. H&B denies that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

15. Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**ANSWER:** Admitted.

## FACTUAL BACKGROUND

16. Sam Gallucci has been passionate about baseball his entire life. For nearly 20 years Gallucci coached high school baseball, college baseball and was a baseball instructor in various organizations. Tom Serewicz has also been an avid baseball fan his entire life, starting with playing in various little leagues during his childhood.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. In 1987, Gallucci started Wasco Baseball League in Wasco, Illinois, a village just west of St. Charles. Wasco Baseball League was a little league for children between the ages of 6 and 18. At that time, Wasco only had a park district league which consisted of 43 children and two baseball fields. By 2002, when Gallucci retired as president of Wasco Baseball League, it had over 2,000 children and more than 20 baseball fields.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. In 1999 Serewicz, through his children, became a coach of one of the teams in Wasco Baseball League and became friends with Gallucci.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Serewicz noticed that the catcher on his team had been injured numerous times by balls that would hit the unprotected top and back areas of the catcher's shoulder which the conventional chest protector did not cover.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Serewicz searched for a chest protector that would protect the front, top and rear portion of the catcher's shoulder, but there were none. Serewicz and Gallucci together first built a prototype catcher chest protector having a portion extending over the shoulder area of the catcher, and then built several more of these chest protectors for catchers in the Wasco Baseball League. On September 15, 1999, they filed a patent application on their new chest protector.

**ANSWER:** H&B admits that an attorney for Serewicz and Gallucci filed a patent application for a baseball chest protector not earlier than September 15, 1999. H&B denies that the chest

protector described and claimed in the patent application was new at the time of filing. H&B is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. At about this same time, Serewicz and Gallucci started Everything Baseball Limited, LLC which was a store that sold baseball equipment.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. On December 19, 2000 the Serewicz' and Gallucci patent application issued into U.S. Patent No. 6,161,226 ("the '226 Patent") and is entitled "Baseball Chest Protector," which Gallucci and Serewicz both assigned to Everything Baseball.

**ANSWER:** H&B admits that on its face the '226 Patent indicates that it issued on December 19, 2000 and is entitled "Baseball Chest Protector." H&B is without knowledge or information sufficient to form a belief as to the truth of the remaining portion of this allegation.

23. The '226 Patent involves a new catcher chest protector having a flexible shoulder guard extending over the shoulder of the catcher, which unlike previous chest protectors, (1) protects the front, top and back areas of the shoulder that arc susceptible to being hit by baseballs and (2) holds the chest protector in the correct position, thereby preventing the chest protector from "drooping" and exposing the top and back of the shoulder.

**ANSWER:** Denied.

24. Team Athletic Goods, Inc. ("TAG"), a manufacturer of baseball equipment, learned of the Serewicz and Gallucci chest protector, and in October 2001 became Everything Baseball's exclusive licensee under the '226 Patent.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**FACTS GIVING RISE TO PATENT INFRINGEMENT**

25. Defendant Wilson has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: Pro Stock Hinge FX Chest Protector (A3300); Pro Edition Hinge FX Chest Protector (A3310); and MLB Edition Hinge FX Chest Protector (A3320).

**ANSWER:**  H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.    Defendant Schutt has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of its Burst Chest Protector (l27016XX) and Thermoformed Chest Protector.

**ANSWER:**  H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.    Defendant Easton has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: Natural Chest Protector (SKU#s A165106, A165108, A165110, A165l12); Stealth Chest Protector (SKU#s A165125, A165127, A165129); Stealth Comp Chest Protector (SKUs: A165030, AI65031); Black Magic Chest Protector (SKU#s A165035, A165036); Stealth Fastpitch Chest Protector (SKU#s A165016, A165018); and Natural Fastpitch Chest Protector (SKU# AI65020).

**ANSWER:**  H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.    Defendant H&B has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: TPX® Bionic Chest Protector (Model BCPX); TPX®Pulse Chest Protector (Models BPCPX and BPCPS); TPX® Pulse YOUTH Chest Protector (Model BPCPY); and Youth Maverick Chest Protector (Model CPYM).

**ANSWER:**  Denied.

29.    Defendant Ampac has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: CP28PRO and CP25PRO Chest Protector; CP12l6APRO, CP912APRO and CP79APRO Chest Protectors; CPI216PS, CP912PS, CP79PS, and CP22PS Chest Protectors; CP55, CP33, CP22, and CP11 Chest Protectors; and CPWI4.5PRO and CPWI4.5FP Chest Protectors.

**ANSWER:**  H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.    Defendant Rawlings has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: Coolflo Chest Protector (CFCPPRO and CFCPPROS); Coolflo Chest Protector Junior (CFCPPROJ and CFCPPROJS) ; Coolflo Chest Protector Youth (CFCPPROY and CFCPLTY) ; Coolflo Lite

Series Chest Protector (CFCPLT); Coolflo Lite Series Chest Protector Junior (CFCPLTJ); Women's Fast Pitch Chest Protectors (CFT900CP and CFT900CPI); and Adult Pro Chest Protector (CP900).

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      31.    Defendant Adidas has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: Adidas Youth Chest Protector (Model No. 2966949).

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      32.    Defendant Reebok has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as its VR6000 Chest Protector.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      33.    Defendant Hunt has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: CP71 Air-Tech Adult Chest Protector; CP72 Air-Tech Senior League Chest Protector; and CP73 Air-Tech Youth Baseball Chest Protector.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      34.    Defendant Riddell has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: SPX Chest Protector (Adult, Senior, Youth - 42193, 42194, 42195).

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      35.    Defendant Diamond has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: Jenny Topping Signature Series Chest Protector (DCP-JT); iX3 Series Chest Protectors (DCP-iX3 V1,

DCP-iX3 V2, DCP-iX3 V3, and DCP-iX3 FP); and Chest Protector Models (DCP-ML, DCP-32, DCP-FP, DCP-25, DCP-12, DCP-11, and DCP-10).

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     Defendant Nocona has infringed the '226 Patent through at least, but not limited to, the manufacture, use, importation, sale and/or offer for sale of such products as: NCPV Pro Chest Protector; NCPW Women Chest Protector; NCPJV JR Varsity Chest Protector; and NCPY Youth Chest Protector.

**ANSWER:** H&B is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## H&B'S AFFIRMATIVE DEFENSES TO THE COMPLAINT

Without admitting any of the allegations of the Complaint other than those specifically admitted herein, and without prejudice to H&B's right to plead additional affirmative defenses or to counterclaim as the facts of the matter develop and warrant, H&B asserts the following affirmative defenses as follows:

A.     Everything Baseball's complaint fails to state a claim upon which relief can be granted.

B.     Everything Baseball's complaint fails to state a claim for increased damages pursuant to 35 U.S.C. § 284.

C.     H&B does not infringe and has not infringed, induced others to infringe, or contributed to infringement by others of any valid claim of the '226 Patent.

D.     The '226 Patent is invalid for failure to comply with one or more provisions of the U.S. Patent laws, including 35 U.S.C. §§ 102, 103, and 112.

E.     Everything Baseball's Complaint is barred by laches, acquiescence, unclean hands, and estoppel.

F.  Everything Baseball is not entitled to damages prior to the filing of this action for failure to comply with 28 U.S.C. § 287 and plead such compliance.

## H&B'S COUNTERCLAIM AGAINST PLAINTIFF

Defendant, Hillerich & Bradsby Co. ("H&B"), for its Counterclaim against Plaintiff Everything Baseball Limited, LLC ("Everything Baseball"), pleads as follows:

1.  H&B is a Kentucky corporation with a principle place of business at 800 W. Main Street, Louisville, KY 40202.

2.  Upon information and belief, Everything Baseball is an Illinois corporation having its principal place of business at 41 W. 035 Saddlebrook Drive, St. Charles, Illinois 60175.  Everything Baseball is subject to the jurisdiction of this Court by virtue of filing its Complaint.

3.  This Court has subject matter jurisdiction over H&B's counterclaim against Everything Baseball pursuant to 28 U.S.C. § 1338(a) in that this Counterclaim arises under the patent laws of the United States.

4.  This Court further has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. § 2202, et. seq., in that H&B is seeking a declaratory judgment that U.S. Patent No. 6,161,226 ("the '226 Patent") allegedly owned by Everything Baseball, and allegedly infringed by H&B, is invalid, limited in scope, and/or not infringed.

5.  There exists an actual controversy between H&B and Everything Baseball concerning the '226 Patent and Everything Baseball's charge of patent infringement against H&B.

6.  Venue is proper in this Court and District pursuant to 28 U.S.C. § 1391(b) and (c).

## **CLAIM FOR RELIEF**

### COUNT I
### Claim for Declaratory Relief as to the '226 Patent

7. H&B realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 6 of this Counterclaim.

8. The claims of the '226 Patent are invalid and/or void for failing to meet the requirements of the United States patent laws, including without limitation failure to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

9. H&B has not infringed, nor contributed to, nor induced infringement of, any valid claim of the '226 Patent.

10. Everything Baseball is not entitled to damages prior to the filing of this action for failure to comply with 28 U.S.C. § 287 and plead such compliance.

11. An actual case or controversy exists as to Everything Baseball's assertion that H&B directly or indirectly infringes any valid claim of the '226 Patent, and whether Everything Baseball is entitled to damages.

12. H&B is therefore entitled to a declaratory judgment that the '226 Patent is invalid, that H&B does not infringe any valid claim of the '226 patent, and that Everything Baseball is entitled to no damages.

13. H&B has been injured and damaged by Everything Baseball's filing of the Complaint asserting infringement of the '226 Patent, a patent that is invalid, void, and/or not infringed, and as to which no damages can be obtained. Accordingly, this is an exceptional case warranting an award to H&B of its costs and attorneys' fees pursuant to 35 U.S.C. § 285.

WHEREFORE, Defendant prays as follows:

a. That the Complaint be dismissed with prejudice;

      b.      That judgment be entered for H&B on the Complaint;

      c.      That all costs of this action, including reasonable attorneys' fees, be assessed against Everything Baseball;

      d.      That the Court enter an order declaring that the claims of the '226 Patent are invalid, and void;

      e.      That the Court enter an order declaring that no valid claim of the '226 Patent is infringed by H&B, and that H&B neither contributed to, nor induced, infringement of any valid claim of the '226 Patent;

      f.      That H&B have and recover damages from Everything Baseball in an amount to be determined at the time of trial;

      g.      That the Court enter an order declaring this to be an exceptional case and awarding to H&B its reasonable attorneys' fees under 35 U.S.C. § 285;

      h.      That the Court enter an order enjoining Everything Baseball, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from asserting that H&B, their customers, dealers, buyers, or subsidiary corporations have infringed or will infringe the claims of the '226 Patent; and

      i.      That H&B be awarded such other and further relief as this Court may deem just and proper.

- 13 -

**H&B HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        Respectfully submitted,


        s/ H. Michael Hartmann
        H. Michael Hartmann
        David M. Airan
        L. Scott Beall
        LEYDIG, VOIT & MAYER, LTD.
        Two Prudential Plaza, Suite 4900
        Chicago, Illinois 60601-6731
        (312) 616-5600

        COUNSEL FOR H&B

**CERTIFICATE OF SERVICE**

        I hereby certify that I have caused a copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND OF HILLERICH & BRADSBY CO. TO COMPLAINT OF EVERYTHING BASEBALL LIMITED, LLC** to be served upon the following persons by Electronic Filing and/or U.S. Mail on September 2, 2008.

Attorneys for Plaintiff

Lee F. Grossman
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602
(312) 236-0733
(312) 236-3137 (fax)
lgrossman@nshn.com

Mark M. Grossman
Grossman Law Offices
29 South LaSalle Street, Suite 1210
Chicago, IL 60603
(312) 621-9000
mgrossman@grossmanlegal.com

Attorney for Defendant Adidas AG

Susan Yohe
Buchanan Ingersoll & Rooney P.C.
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 562-8485
(412) 562-1041 (fax)
Susan.yohe@bipc.com

Attorneys for Diamond Sports Co., Inc.

Kimberly Elizabeth Rients
Michael P. Tone
Gordon & Rees LLP
1 N Franklin Street
Suite 1800
Chicago, IL 60606-4425
(312) 565-1400
kblair@gordonrees.com
mtone@gordonrees.com

Richard P. Sybert (pro hac vice)
Susan B. Meyer (pro hac vice)
Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
(619) 696-6700
rsybert@gordonrees.com
smeyer@gordonrees.com

                                                          s/Scott Beall
                                                          Scott Beall